Hope Del Carlo, OSB #002410
Elemental Law LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
hope@elemental.law
Tel: 503-789-7372
Fax: 503-345-6655

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MARIA ZARATE,<br><br>                    Plaintiff,<br><br>v.<br><br>FREEDOM FOREVER OREGON, LLC, and GOODLEAP, LLC<br><br>                    Defendants. | **COMPLAINT** (Oregon Unlawful Trade Practices Act, Oregon Financial Abuse of a Vulnerable Person Act)<br><br>DEMAND FOR JURY TRIAL |

INTRODUCTION:

1.

This is a consumer protection case arising from the Defendants' fraudulent door-to-door sale of a solar power purchase agreement. Maria Zarate, the plaintiff, is an 80-year-old single woman who lives in a home she owns in Independence, Oregon. She inherited the home from her parents, who had been migrant agricultural workers. Freedom Forever Oregon, LLC, is a

1 –COMPLAINT

residential solar power sales and installation company whose staff solicited the plaintiff at her home in 2025. They told her that she could have solar panels installed on her house that would greatly reduce her electricity bill, but would cost her nothing. She never saw or signed any paperwork related to the transaction, but approved the installation of panels during a phone call.

Several months after the panels were installed, Ms. Zarate received a bill in the mail from GoodLeap, LLC, demanding that she pay for the solar power. Her family investigated and learned that someone had created an email account that was not authorized by Ms. Zarate, and used it to sign her name to a contract with Defendant GoodLeap, LLC. Ms. Zarate does not use email.

Ms. Zarate files this lawsuit to prevent harm to other vulnerable homeowners, and collect damages for violations of Oregon's consumer protection statutes.

JURISDICTION:

2.

This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

PARTIES:

3.

Plaintiff Maria Zarate ("Ms. Zarate") is a natural person, and a resident of Polk County, Oregon. She lives and owns a house located in Independence, Oregon, which is and has been at all times material to this action her principal residence.

///

2 –COMPLAINT

4.

Defendant Freedom Forever LLC ("Freedom"), is a Delaware Limited Liability Company, and an Oregon licensed construction contractor that does business in Oregon.

5.

Defendant GoodLeap, LLC ("GoodLeap") is a California Limited Liability Company.

FACTUAL ALLEGATIONS:

6.

Freedom solicited sales of solar power door-to-door in Ms. Zarate's neighborhood in the spring of 2025. A salesperson named Alex Mendoza who worked for Freedom came to Ms. Zarate's home a few times, speaking with her both in Spanish (her first language) and English, and once brought her Mexican pastries. She was nervous about agreeing to have solar panels put on her house, but after a few conversations with Mr. Mendoza he won her trust, and she agreed to have the panels put on her roof, based on his statements that they would save her money and would not cost her anything.

7.

Ms. Zarate is 80 years old, and lives alone. She owns her house free and clear of any mortgages. She doesn't own a computer. She owns a smart phone, but she does not send text messages or email. She did not sign any documents or receive any emails related to any transactions with the Defendants, but she does remember agreeing to have the panels put on her roof as part of a phone conversation. She was not told that she would have to pay anything for the panels or the solar power she would receive as a result of the installation.

///

3 –COMPLAINT

8.

Unbeknownst to Ms. Zarate, someone had set up an email account using her name, and created and signed documents purporting to obligate her to a solar power purchase contract with Defendant GoodLeap. The contract is consumer paper subject to the Federal Trade Commission's Holder Rule, 16 CFR Part 433, which makes GoodLeap liable for all claims and defenses she could assert against the seller, Freedom. Further, Freedom and its employee, Alex Mendoza, were acting as the agents of GoodLeap in the process of selling GoodLeap's solar power contract to Ms. Zarate, making GoodLeap vicariously liable for Mendoza's and Freedom's actions

9.

Freedom installed solar panels on Ms. Zarate's roof a few months after Alex Mendoza talked her into having them installed. She was surprised when she later received a paper bill from GoodLeap that charged her monthly for the solar power the panels were generating. She also continued receiving power bills from her local electric company, Pacific Power. Adding together the Pacific Power bill and the new GoodLeap bill, Ms. Zarate's monthly electricity cost is now more expensive than it was before the panels were installed. Ms. Zarate lives on a fixed income of $2,984.00 per month in Social Security payments.

10.

The Defendants somehow set up automatic withdrawals from Ms. Zarate's checking account. Ms. Zarate's family members were able to get access to an email account that was created to forge Ms. Zarate's electronic signature on the solar power sales agreement. The contract that GoodLeap is enforcing against Ms. Zarate requires her to purchase solar power from it for 25 years; if she wishes to terminate the contract, she can only do so beginning after five years after it was fraudulently signed, by paying a "buyout price" of $33,692.94.

4 – COMPLAINT

FIRST CLAIM FOR RELIEF--

OREGON UNLAWFUL TRADE PRACTICES ACT, ORS 646.605, *et seq.*

11.

Plaintiff re-alleges and incorporates the foregoing paragraphs here.

12.

The solar power sales transaction at issue in this case was made for personal, family, or household purposes.

13.

Defendants engaged in the following actionable misrepresentations or omissions about the nature and qualities of the solar power sale made to Ms. Zarate:

1.)  Misrepresented that the solar power contract had characteristics, benefits, or qualities that it did not have, by representing that Ms. Zarate would pay nothing for the power or panel, in violation of ORS 646.608(1)(e);

2.) Misrepresented the existence of and amounts of price reductions by representing that Ms. Zarate would pay nothing for the power or panels, in violation of ORS 646.608(1)(j);

3.) Misrepresented the nature of the transaction she was incurring, in violation of ORS 646.608(1)(k); and,

4.) Misrepresented the offering price of, or Ms. Zarate's cost for the solar power.

14.

Plaintiff has suffered ascertainable loss in the form of payments she has made to GoodLeap on the contract, and ongoing purported contractual liability of more than $90.00 per month to GoodLeap for a solar power purchase contract she did not knowingly consent to, the

5 –COMPLAINT

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-789-7372 Fax: 503-345-6655

exact amount of which will be proven at trial, as well as pre- and post-judgment interest on the above amounts at the statutory rate of 9% per annum.

15.

Defendants acted with reckless and outrageous indifference to a highly unreasonable risk of harm, warranting an award of punitive damages to be proven at trial in a minimum amount of $10,000,000.00.

SECOND CLAIM FOR RELIEF—FINANCIAL ABUSE OF A VULNERABLE PERSON,

ORS 124.100, *et seq.*

16.

Plaintiff re-alleges and incorporates the foregoing paragraphs here.

17.

Plaintiff is a vulnerable person within the meaning of ORS 124.100(1)(a) and (e) by virtue of her age.

18.

Defendants committed a "wrongful taking or appropriation of money or property" from Plaintiff under ORS 124.110(1)(a) and caused or permitted her to be financially abused when:

a. Defendants sold Ms. Zarate a solar power contract based on false representations and forgery, committing her to a contract that increases the cost of her electricity; and,

b. GoodLeap collected money from Ms. Zarate under the fraudulently-created solar power purchase contract and the automatic payment process, and continues to insist that she pay monthly for a financial obligation that she did not knowingly agree to.

///

6 –COMPLAINT

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-789-7372 Fax: 503-345-6655

19.

Defendants' violations caused direct and significant emotional distress as a result of their wrongful taking or appropriation of Plaintiff's money or property, as Ms. Zarate was emotionally injured by being betrayed by a salesperson who won her trust after she repeatedly allowed him into her home. Since she lives on a low, fixed income, and is frightened at the prospect of being obligated for the rest of her life on a debt she did not agree to. She requests an award of emotional distress damages in a minimum amount of $1,000,000.00.

20.

Pursuant to ORS 124.100 (2) (a)–(c), Plaintiff is entitled to recover three times her economic damages, three times her noneconomic damages, and her reasonable attorney fees and costs, as well as pre- and post-judgment interest on the above amounts at the statutory rate of 9% per annum.

21.

Pursuant to ORS 124.120(2) Plaintiff is entitled to a restraining order, temporary injunction, or other actions as the court deems proper.

PRAYER FOR RELIEF:

WHEREFORE, Plaintiff prays for:

I. On her First Claim for Relief (Oregon Unlawful Trade Practices Act):

A. Economic damages including payments made to Defendants and the continuing obligation they maintain that she owes, the exact amount to be proven at trial, together with pre- and post-judgment interest;

B. Reasonable attorney fees pursuant to ORS 646.641(2);

7 –COMPLAINT

C.  Punitive damages of at least $10,000,000.00.

3. On her Second Claim for Relief (Financial Abuse of a Vulnerable Person):

A. Plaintiff's economic damages in an amount to be determined at trial, including payments made to Defendants and the continuing obligation they maintain that she owes, in an exact amount to be proven at trial, together with pre- and post-judgment interest and subject to mandatory trebling;

B. Plaintiff's non-economic damages in an amount to be determined at trial, at a minimum amount of $1,000,000.00, subject to mandatory trebling;

C. An order imposing reasonable restrictions, including a permanent injunction prohibiting Defendants from engaging in the same type of endeavor or conduct, including but not limited to continuing to collect money from Plaintiff;

D. Plaintiff's reasonable attorney fees and costs;

E. Pre- and post-judgment interest on the above amounts at the statutory rate of 9%;

F. Such other and further relief as this Court deems just and equitable.

JURY DEMAND:

Plaintiff hereby demands trial by jury.

Respectfully submitted this 6th day of April, 2026.

*/s/ Hope Del Carlo*
Hope Del Carlo, OSB #002410
Elemental Law LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
hope@elemental.law
Tel: 503/789-7372
Fax: 503/345-6655

Attorney for Plaintiff

8 –COMPLAINT