Hope Del Carlo, OSB No. 002410
Elemental Law LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
hope@elemental.law
Tel: 503-789-7372
Fax: 503-345-6655

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **MARIA ZARATE,**<br><br>Plaintiff,<br><br>v.<br><br>**FREEDOM FOREVER OREGON, LLC, and GOODLEAP, LLC,**<br><br>Defendants. | Case No.: 3:26-CV-00678-SB<br><br>**FIRST AMENDED COMPLAINT**<br>(Oregon Unlawful Trade Practices Act, Oregon Financial Abuse of a Vulnerable Person Act)<br><br>DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

**1.**

This is a consumer protection case arising from the Defendants' fraudulent door-to-door sale of a solar power purchase agreement. Maria Zarate, the Plaintiff, is an 80-year-old single woman who lives in a home she owns in Independence, Oregon. She inherited the home from her parents, who had been migrant agricultural workers. Freedom Forever Oregon, LLC, is a residential solar power sales and installation company whose sales staff solicited the Plaintiff at

her home in 2025 on behalf of and within the scope of actual or apparent authority granted to it by Defendant GoodLeap, LLC. The salesperson who solicited her told her that she could have solar panels installed on her house that would greatly reduce her electricity bill but would cost her nothing. She never saw or signed any paperwork related to the transaction but approved the installation of panels during a phone call.

Several months after the panels were installed, Ms. Zarate received a bill in the mail from GoodLeap, LLC, demanding that she pay for the solar power. Her family investigated and learned that someone had created an email account that was not authorized by Ms. Zarate and used it to sign her name to a contract with Defendant GoodLeap, LLC. Ms. Zarate does not use email.

Ms. Zarate files this lawsuit to prevent harm to other vulnerable homeowners and to collect damages for violations of Oregon's consumer protection statutes.

## II. JURISDICTION

**2.**

This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

## III. PARTIES

**3.**

Plaintiff Maria Zarate ("Ms. Zarate") is a natural person and a resident of Polk County, Oregon. She lives and owns a house located in Independence, Oregon, which is and has been at all times material to this action her principal residence.



**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303 / Fax: 503-345-6655

**4.**

Defendant Freedom Forever Oregon, LLC ("Freedom") is a Delaware Limited Liability Company and an Oregon licensed construction contractor that does business in Oregon.

**5.**

Defendant GoodLeap, LLC ("GoodLeap") is a California Limited Liability Company.

## IV. FACTUAL ALLEGATIONS

**6.**

On behalf of GoodLeap—who authorized Freedom to act as its sales agent by agreement, or led Ms. Zarate to reasonably believe that Freedom was authorized to act as GoodLeap's agent by allowing it to sell on its behalf—Freedom and its staff solicited sales of GoodLeap's solar power purchase agreement door-to-door in Ms. Zarate's neighborhood in the spring of 2025. A salesperson from Freedom who called himself "Alex Mendoza," but whose real name appears to be Gerardo Torres, came to Ms. Zarate's home a few times, speaking with her both in Spanish (her first language) and English, and once brought her Mexican pastries. Ms. Zarate was nervous about agreeing to have solar panels put on her house, but after a few conversations with "Mr. Mendoza," he won her trust, and she agreed to have the panels put on her roof, based on his statements that they would save her money and would not cost her anything.

**7.**

Ms. Zarate is 80 years old and lives alone. She owns her house free and clear of any mortgages. She does not own a computer. She owns a smart phone, but she does not send text messages or email. She did not sign any documents or receive any emails related to any transactions with GoodLeap, but she does remember agreeing to have the panels put on her roof



**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303 / Fax: 503-345-6655

as part of a phone conversation. She was not told that she would have to pay anything for the panels or the solar power she would receive as a result of the installation.

**8.**

Unbeknownst to Ms. Zarate, a person acting within the scope of their actual or apparent authority as an agent of Defendants set up an email account using Ms. Zarate's name. This person created and signed documents purporting to obligate Ms. Zarate to a solar power purchase contract with Defendant GoodLeap. As described above, Freedom and its employee, Gerardo Torres, aka "Alex Mendoza," were acting with actual or apparent agency authority on behalf of GoodLeap in the process of selling GoodLeap's solar power contract to Ms. Zarate, making GoodLeap vicariously liable for the sales staffperson's and Freedom's actions.

**9.**

Freedom installed solar panels on Ms. Zarate's roof a few months after "Alex Mendoza" talked her into having them installed. Ms. Zarate consented to installation via phone call in reliance on "Mr. Mendoza's" representations made to her in furtherance of his sale of GoodLeap's solar power purchase agreement. She was surprised when she later received a paper bill from GoodLeap that charged her monthly for the solar power the panels were generating. She also continued receiving power bills from her local electric company, Pacific Power. Adding together the Pacific Power bill and the new GoodLeap bill, Ms. Zarate's monthly electricity cost became more expensive than it was before the panels were installed. Ms. Zarate lives on a fixed income of $2,984.00 per month in Social Security payments.

**10.**

The Defendants set up automatic withdrawals from Ms. Zarate's checking account. Mr. Torres, apparently using the fake name "Mr. Mendoza," who sold Ms. Zarate the GoodLeap



**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303 / Fax: 503-345-6655

solar power purchase agreement, and other persons who set up the account and signed the agreement on Ms. Zarate's behalf without her knowledge or consent, were acting as agents with actual or apparent authority for the Defendants. Ms. Zarate's family members were able to get access to an email account that was created to enable the Defendants' agents to forge Ms. Zarate's electronic signature on the solar power sales agreement. The contract that GoodLeap is enforcing against Ms. Zarate requires her to purchase solar power from it for 25 years; if she wishes to terminate the contract, she can only do so beginning after five years after it was fraudulently signed, by paying a "buyout price" of $33,692.94.

## V. FIRST CLAIM FOR RELIEF

### (Oregon Unlawful Trade Practices Act ORS 646.605, *et seq.*)

**11.**

Plaintiff re-alleges and incorporates the foregoing paragraphs here.

**12.**

The solar power sales transaction at issue in this case was made for personal, family, or household purposes.

**13.**

Defendants directly, and/or through their actual or apparent agents, engaged in the following actionable misrepresentations or omissions about the nature and qualities of the solar power sale made to Ms. Zarate:

1. Misrepresented that the solar power contract had characteristics, benefits, or qualities that it did not have by representing that Ms. Zarate would pay nothing for the power or panels, in violation of ORS 646.608(1)(e);
2. Misrepresented the existence of and amounts of price reductions by representing that Ms.



ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303 / Fax: 503-345-6655

Zarate would pay nothing for the power or panels, in violation of ORS 646.608(1)(j);

3. Misrepresented the nature of the transaction she was incurring, in violation of ORS 646.608(1)(k); and,

4. Misrepresented the offering price of or Ms. Zarate's cost for the solar power, in violation of ORS 646.608(1)(s).

**14.**

As a result of Defendants' violations of the Unlawful Trade Practices Act, GoodLeap maintains that Plaintiff is obligated to a solar power purchase contract that she did not sign. Plaintiff has suffered ascertainable loss in the form of payments she has made to GoodLeap on the contract and ongoing purported contractual liability of more than $90.00 per month to GoodLeap for a solar power purchase contract she did not knowingly consent to, the exact amount of which will be proven at trial, as well as pre- and post-judgment interest on the above amounts at the statutory rate of 9% per annum.

**15.**

Defendants acted with reckless and outrageous indifference to a highly unreasonable risk of harm, warranting an award of punitive damages to be proven at trial in a minimum amount of $10,000,000.00.

## VI. SECOND CLAIM FOR RELIEF

**(Financial Abuse of a Vulnerable Person, ORS 124.100, *et seq.*)**

**16.**

Plaintiff re-alleges and incorporates the foregoing paragraphs here.

///

///



**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303 / Fax: 503-345-6655

**17.**

Plaintiff is a vulnerable person within the meaning of ORS 124.100(1)(a) and (e) by virtue of her age.

**18.**

Defendants directly, and/or through their actual or apparent agents, committed a "wrongful taking or appropriation of money or property" from Plaintiff under ORS 124.110(1)(a) and caused or permitted her to be financially abused when they and/or their agents sold Ms. Zarate a solar power contract based on misrepresentations and forgery. The illegal contract requires her to pay more for electricity than she paid before, threatens her credit reputation, and puts her at risk of being sued, which could result in a judgment lien and the loss of her home by execution sale if she does not pay. Defendants' enforcement of the illegal contract constitutes a wrongful taking or appropriation of a portion of the Plaintiff's fixed income in the amount required to pay GoodLeap's illegal bill, which GoodLeap has taken or appropriated through its acceptance of Plaintiff's checks and payments through its automatic electronic payment processing system.

**19.**

Defendants' violations caused direct and significant emotional distress as a result of their wrongful taking or appropriation of Plaintiff's money or property, as Ms. Zarate was emotionally injured by being betrayed by a salesperson who won her trust after she repeatedly allowed him into her home. Since she lives on a low, fixed income and is frightened at the prospect of being obligated for the rest of her life on a debt she did not agree to pay. She requests an award of emotional distress damages in a minimum amount of $1,000,000.00.

///



**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303 / Fax: 503-345-6655

**20.**

Pursuant to ORS 124.100 (2) (a)–(c), Plaintiff is entitled to recover three times her economic damages, three times her noneconomic damages, and her reasonable attorney fees and costs, as well as pre- and post-judgment interest on the above amounts at the statutory rate of 9% per annum.

**21.**

Pursuant to ORS 124.120(2) Plaintiff is entitled to a restraining order, temporary injunction, or other actions as the Court deems proper.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

1. On her First Claim for Relief (Oregon Unlawful Trade Practices Act):
   a. Economic damages, including payments made to Defendants and the continuing obligation they maintain that she owes, the exact amount to be proven at trial, together with pre- and post-judgment interest;
   b. Reasonable attorney fees pursuant to ORS 646.641(2); and
   c. Punitive damages of at least $10,000,000.00.
2. On her Second Claim for Relief (Financial Abuse of a Vulnerable Person):
   a. Plaintiff's economic damages in an amount to be determined at trial, including payments made to Defendants and the continuing obligation they maintain that she owes, in an exact amount to be proven at trial, together with pre- and post-judgment interest and subject to mandatory trebling;
   b. Plaintiff's non-economic damages in an amount to be determined at trial, at a minimum amount of $1,000,000.00, subject to mandatory trebling;



**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303 / Fax: 503-345-6655

c. An order imposing reasonable restrictions, including a permanent injunction prohibiting Defendants from engaging in the same type of endeavor or conduct, including but not limited to continuing to collect money from Plaintiff;

d. Plaintiff's reasonable attorney fees and costs;

e. Pre- and post-judgment interest on the above amounts at the statutory rate of 9%; and

f. Such other and further relief as this Court deems just and equitable.

**JURY DEMAND**

Plaintiff hereby demands trial by jury.

Respectfully submitted this 13th day of July, 2026.

*<u>/s/ Hope Del Carlo</u>*

Hope Del Carlo, OSB No. 002410
ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
hope@elemental.law
Tel: 503-789-7372
Fax: 503-345-6655

Attorney for Plaintiff